**KAZEROUNI LAW GROUP A.P.C.**
Ross H. Schmierer, Esq. (RS-7215)
3000 Atrium Way, Suite 200
Mount Laurel, New Jersey 08054
Phone: (732) 588-8688
ross@kazlg.com

*Attorneys for Plaintiff*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Alan Boritz,<br><br>　　　　　Plaintiff,<br><br>-against-<br><br><br>Lincare Inc.<br><br>　　　　　Defendant. | Civil Case Number:<br><br>**CIVIL ACTION**<br><br>**COMPLAINT<br>AND DEMAND FOR JURY TRIAL** |

Plaintiff Alan Boritz ("Plaintiff") brings this Complaint (the "Complaint") against defendant Lincare Inc. ("Defendant"), and alleges, upon personal knowledge as to his own conduct, and upon information and belief as to the conduct of others, as follows:

### INTRODUCTION

1.　　Plaintiff brings this Complaint against Defendant to stop Defendant from violating the Telephone Consumer Protection Act, 47 U.S.C § 227, et seq. ("TCPA"). Specifically, Defendant has made repeated calls using a pre-recorded and/or artificial voice after Plaintiff revoked any consent to do so. Plaintiff seeks injunctive and monetary relief for his injuries due to Defendant's unlawful conduct.

2.　　The TCPA was enacted to protect consumers from unwanted telephone calls exactly like those alleged in this case.

3. In response to Defendant's unlawful conduct, Plaintiff seeks an injunction requiring Defendant to cease all unsolicited artificial and prerecorded voice phone calls to his cellphone as well as an award of trebled statutory damages per violation, together with court costs and reasonable attorneys' fees.

## PARTIES

4. Plaintiff is a citizen of New Jersey and currently resides in Sussex County, New Jersey.

5. Upon information and belief, Defendant is a domestic corporation with its principal place of business located in Vineland, New Jersey.

6. Whenever in this Complaint it is alleged that Defendant committed any act or omission, it is meant that the Defendant's officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendant or was done in the routine normal course and scope of employment of the Defendant's officers, directors, vice-principals, agents, servants, or employees.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, a federal statute.

8. The Court has personal jurisdiction over Defendant because: (i) Defendant is a domestic corporation; (ii) conducts significant business in this District; and (iii) the unlawful conduct alleged in this Complaint occurred in, was directed to, and/or emanated from this District.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

## **LEGAL BASIS FOR THE CLAIMS**

10. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In doing so, Congress recognized that "[u]nrestricted telemarketing … can be an intrusive invasion of privacy.…" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243 § 2(5) (1991) (codified at 47 U.S.C. § 227).

11. Specifically, the TCPA restricts telephone solicitations (*i.e.,* telemarketing) and the use of automated telephone equipment. The TCPA limits the use of automatic dialing systems, artificial or prerecorded voice messages, SMS text messages, and fax machines. It also specifies several technical requirements for fax machines, autodialers, and voice messaging systems – principally with provisions requiring identification and contact information of the entity using the device to be contained in the message.

12. In its initial implementation of the TCPA rules, the FCC included an exemption to its consent requirement for prerecorded telemarketing calls. Where the caller could demonstrate an "established business relationship" with a customer, the TCPA permitted the caller to place pre-recorded telemarketing calls to residential lines. The new amendments to the TCPA, effective October 16, 2013, eliminated this established business relationship exemption.

13. Therefore, all pre-recorded telemarketing calls to residential lines and all pre-recorded calls to wireless numbers violate the TCPA if the calling party does not first obtain express written consent from the called party.

14. As of October 16, 2013, unless the recipient has given <u>prior express written consent</u>,[1] the TCPA and Federal Communications Commission ("FCC") rules under the TCPA generally:

- Prohibit solicitors from calling residences before 8 a.m. or after 9 p.m., local time.

- Require that solicitors provide their name, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which that person or entity may be contacted.

- Prohibit solicitations to residences that use an artificial voice or a recording.

- Prohibit any call or text made using automated telephone equipment or an artificial or prerecorded voice to a wireless device or cellular telephone.

- Prohibit any call made using automated telephone equipment or an artificial or prerecorded voice to an emergency line (*e.g.*, "911"), a hospital emergency number, a physician's office, a hospital/health care facility/elderly room, a cellular telephone, or any service for which the recipient is charged for the call.

- Prohibit autodialed calls that engage two or more lines of a multi-line business.

- Prohibit unsolicited advertising faxes.

- Prohibit certain calls to members of the National Do Not Call Registry.

15. Furthermore, in 2008, the FCC held that "a creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules." *In re Rules and Regulations Implementing the Telephone Consumer Protection Act, Declaratory Ruling on Motion by ACA International for Reconsideration*, 23 FCC

---

[1] Prior express written consent means "an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered." 47 C.F.R. § 64.1200(f)(8).

Rcd. 559, 565, ¶ 10 (Jan. 4, 2008); *Birchmeier v. Caribbean Cruise Line, Inc.*, 2012 WL 7062748 (N.D. Ill., Dec. 31, 2012).

16. Accordingly, the entity can be liable under the TCPA for a call made on its behalf, even if the entity did not directly place the call. Under those circumstances, the entity is deemed to have initiated the call through the person or entity.

17. Although an entity may obtain prior express consent from a consumer, prior express consent may nevertheless be revoked.

18. The right to revocation is consistent with the common law principle that consent is revocable and honors the purpose of the TPCA.

19. Under the TCPA, consumers are permitted to *orally* revoke prior express consent.

20. District Courts in the Third Circuit have recognized the validity of oral revocation. *See, e.g.*, *Ruby v. DISH Network, LLC*, No. CV 18-0400, 2019 WL 1466746, at *1 n.1 (E.D. Pa. Mar. 26, 2019)("Consumers can revoke their consent orally."); *Watkins v. Wells Fargo Bank, N.A.*, No. CV 15-5712 (RMB/KMW), 2017 WL 2399086, at *6 (D.N.J. June 2, 2017) (noting that a plaintiff is permitted to orally revoke consent to be called on their cell phone by a creditor).

## FACTUAL ALLEGATIONS

21. Several years ago, Plaintiff purchased certain CPAP supplies from Defendant.

22. In 2017, however, Plaintiff found out that Defendant was double-billing him for these supplies.

23. Upon making this troubling discovery, Plaintiff contacted Defendant to dispute these unlawful charges.

24. Defendant refused to give Plaintiff an accounting of the charges and credits.

25. When Defendant refused to cooperate to resolve this regrettable matter, Plaintiff reached out to his insurance company, Oxford Health Plans, to no avail.

26. Thereafter, Defendant started harassing Plaintiff by continually calling his cell phone ending in –1192 ("Cell") using an automated pre-recorded message.

27. At all relevant times, Plaintiff was assigned, and was the owner of, the Cell.

28. Plaintiff is also the subscriber of the Cell and is financially responsible for phone service to the Cell.

29. After being continually harassed with the incessant phone calls, Plaintiff finally told Defendant's employee that they must cease calling his Cell for any and all collections matters.

30. Plaintiff specifically advised Defendant to cease calling him on August 1, 2018.

31. As such, Plaintiff orally revoked any type of consent that Defendant may have had to contact him.

32. Despite his revocation of consent, Defendant *continued* to harass him by making call after call to his Cell with an automatic, pre-recorded voice.

33. Upon answering these calls, Plaintiff heard a pre-recorded voice instructing him to call Defendant at 973-808-9515 and then the call would terminate.

34. Upon information and belief, and based on the circumstances as described above, Defendant called Plaintiff using a pre-recorded message as prohibited by 47 U.S.C. § 227(b)(1).

35. When Plaintiff listened to the message at the outset of the call, Plaintiff was able to determine that it was a prerecorded message and that he was not speaking to a live representative. *See, Rahn v. Bank of Am.*, No. 1:15-CV-4485-ODE-JSA, 2016 U.S. Dist. LEXIS 186171, at *10-11 (N.D. Ga. June 23, 2016) ("When one receives a call, it is a clear-cut fact, easily discernible to any lay person, whether or not the recipient is speaking to a live human being, or is instead being subjected to a prerecorded message.").

36. It was evident to Plaintiff that the voice message he heard was pre-recorded because, *inter alia*: (a) the generic content of the voice message; and (c) the tone, cadence and

inflection of the voice message, which sounded to the Plaintiff's ears like a pre-recorded message, rather than a personal voice message that was placed personally for the Plaintiff by a live individual on the line.

37. Plaintiff has previously received both pre-recorded voice messages and regular non-prerecorded voice messages, and can differentiate the characteristics and sounds of a pre-recorded voice message in contrast to an ordinary voice message.

38. Based on the Plaintiff's own personal experience, the voice messages received from Defendant clearly sounded like a pre-recorded voice message.

## LEGAL CLAIMS

39. Following his revocation of consent, Defendant's calls to Plaintiff's Cell were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

40. Following his revocation of consent, Plaintiff did not provide Defendant "prior express written consent" to receive calls to his cellular telephone utilizing a pre-recorded voice, pursuant to 47 U.S.C. § 227 (b)(1)(A).

41. Plaintiff also did not provide regular "prior express consent" to receive any prerecorded call from Defendant.

42. The unwanted telephone call Defendant made to Plaintiff invaded Plaintiff's privacy and violated 47 U.S.C. § 227(b)(1) and caused annoyance and frustration.

43. In order to redress injuries caused by Defendant's violations of the TCPA, Plaintiff brings suit under the TCPA, 47 U.S.C. § 227, *et seq.*, which prohibits certain unsolicited voice calls to cellular phones.

44. Plaintiff seeks an award of statutory damages, together with costs and reasonable attorneys' fees for the unlawful calls.

## FIRST COUNT
### NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227, *ET SEQ.*

45. Plaintiff re-alleges and incorporates by reference each preceding paragraph as though fully set forth herein.

46. As alleged with specificity herein, Plaintiff duly revoked any type of consent to receive telephone calls using an artificial or pre-recorded voice.

47. Thereafter, Defendant made several unsolicited and unauthorized phone calls using an artificial or pre-recorded voice to Plaintiff's Cell.

48. The foregoing acts of Defendant constitute numerous and multiple violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq.*

49. Defendant's conduct invaded Plaintiff's privacy.

50. As a result of Defendant's violations of 47 U.S.C. § 227, *et seq.*, Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every negligent violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

51. Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND COUNT
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227, *ET SEQ.*

52. Plaintiff re-alleges and incorporates by reference each preceding paragraph as though fully set forth herein.

53. At all relevant times, Defendant knew or should have known that its conduct as alleged herein violated the TCPA.

54. Defendant knew that it did not have prior express written consent to make these calls and knew or should have known that it was using an artificial or prerecorded voice in violation of the TCPA.

55. Defendant willfully and/or knowingly allowed calls to be placed to Plaintiff utilizing an artificial or pre-recorded voice. For instance, Defendant could have determined from a review of its own business records that Plaintiff revoked any type of consent yet disregarded such information and made illegal calls.

56. Because Defendant knew or should have known that Plaintiff never gave his prior express written consent to receive prerecorded calls, the Court should treble the amount of statutory damages available to Plaintiff pursuant to § 227(b)(3) of the TCPA.

57. As a result of Defendant's violations, Plaintiff is entitled to an award of $1,500.00 in statutory damages, for each and every knowing and/or willful violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## JURY DEMAND

Plaintiff demands a jury trial on all issues so triable.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff respectfully requests the following relief:

    a. On the First Count, an award of actual or statutory damages for each and every negligent violation pursuant to 47 U.S.C. § 227(b)(3)(B) and injunctive relief prohibiting Defendant's conduct complained of herein, pursuant to 47 U.S.C. § 227(b)(3)(A);

    b. On the Second Count, an award trebling the actual or statutory damages for each and every knowing and/or willful violation pursuant to 47 U.S.C § 227(b)(3)(B); and injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(b)(3)(A);

    c. Costs of suit;

      d.      Reasonable attorneys' fees;

      e.      Pre-judgment and post-judgment interest on monetary relief; and

      f.      All other and further relief as the Court deems necessary, just, and proper.

Dated: January 23, 2023

**KAZEROUNI LAW GROUP A.P.C.**

By:   *Ross H. Schmierer, Esq.*
       Ross H. Schmierer, Esq.
       3000 Atrium Way, Suite 200
       Mount Laurel, New Jersey 08054
       (732) 588-8688
       ross@kazlg.com

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2

I certify that, to the best of my knowledge, this matter is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

Dated: January 23, 2023

By:   *s/ Ross H. Schmierer*
       Ross H. Schmierer, Esq.
       3000 Atrium Way, Suite 200
       Mount Laurel, New Jersey 08054
       (T): (856) 259-4800
       ross@kazlg.com
       *Attorneys for Plaintiff*